TODD M. MALYNN (SBN 181595)
Email: tmalynn@feldmangale.com
GREG B. WOOD (SBN 068064)
**FELDMAN GALE, P.A.**
880 West First Street, Suite 315
Los Angeles, California 90012
Telephone No. (213) 625-5992
Facsimile No. (213) 625-5993

Attorneys for Plaintiff
Hand & Nail Harmony, Inc.

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JAN - 9 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

JS6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAND & NAIL HARMONY, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BINYAMIN DADON, a California resident, and<br>UV-NAILS, an unincorporated California association,<br><br>Defendants. | CASE NO.: SACV12 1348 AG (MLGx)<br><br>CONSENT JUDGMENT AND ORDER OF PERMANENT INJUNCTION (BASED ONLY ON THE STIPULATION OF THE PARTIES) |

## CONSENT JUDGMENT AND ORDER OF PERMANENT INJUNCTION

THIS CAUSE came before the Court on the Parties' Stipulation for Entry of Consent Judgment (D.E. 7). The Court, having been advised that the Parties have settled their dispute, and that their settlement agreement provides for, *inter alia*, the entry of a Consent Final Judgment and Order of Permanent Injunction, and for good cause shown, hereby makes the following findings:

## FINDINGS OF FACT

1. Plaintiff, Hand & Nail Harmony, Inc ("Harmony" or "Plaintiff") commenced this civil action against Defendants Binyamin Dadon ("Dadon") and UV-Nails ("UVN") (collectively, "Defendants") alleging patent infringement, trade dress infringement, false association, false designation of origin, and unfair competition under 35 U.S.C. §1, *et. seq.*, 15 U.S.C. § 1051, *et. seq.*, and under California Business and Professions Code § 17200.

2. Original subject matter jurisdiction over this action is conferred upon this Court pursuant to 15 U.S.C. §§ 1116, 1121, and 28 U.S.C. §§ 1331, 1338(a).

3. Harmony is the producer of GELISH®, a nationally renowned line of nail care products—including gel polishes that cure very quickly and have the flexibility of traditional nail polishes but—unlike traditional nail polishes—are strong enough to remain on a user's nails for up to three weeks without chipping or peeling.

4. Harmony's GELISH® line of gel polishes is offered in salons and spas throughout the United States and worldwide.

5. Since inception, Harmony has distinguished its GELISH® brand gel polish products with innovative, artistic, beautiful and visually distinctive packaging designs.

***Harmony's Patented Bottle Design***

6. Harmony is the exclusive licensee of all rights, title and interest in United States Design Patent D 656,824, which the United States Patent and Trademark Office ("USPTO") issued on April 3, 2012 (the '824 Patent).

7. The '824 Patent protects a unique, ornamental and non-functional design for a coated bottle having a transparent window, and is depicted as follows:



8. The '824 Patent is in force and entitled to protection under 35 U.S.C. §1, *et seq.*, as well as under common law, and Harmony has taken steps to protect its exclusively licensed '824 Patent.

### *Harmony's Distinctive Trade Dress*

9. In addition to its patented bottle design, Harmony uses distinctive packaging trade dress to distinguish its GELISH® brand of gel polishes within the marketplace.

10. Harmony's packaging trade dress for its GELISH® line of gel polishes is comprised of: a monochromatic white, cylindrical custom bottle, fully rounded cap, and label with clean lines whereupon there appears a flourish of distinctive scroll artwork, and a centrally positioned trademark above a circular color-window (the "GELISH Trade Dress"), an example of which is depicted below:

11. Taken as a whole, the GELISH Trade Dress is non-functional.

12. Harmony first used its GELISH Trade Dress in commerce at least as early as September 12, 2009.

13. Harmony's GELISH Trade Dress is inherently distinctive and serves as an exclusive source indicator for Harmony's nail care preparations among consumers.

14. As a result of its widespread recognition in the industry, Harmony's GELISH Trade Dress has also achieved secondary meaning among consumers as a distinctive, exclusive source indicator for Harmony's nail care preparations.

15. Since its inception, Harmony has continuously used and extensively promoted the GELISH Trade Dress throughout the United States and worldwide through, *inter alia*, trade shows, print media of national circulation, and on Harmony's own

website, third-party websites, and through social media such as Facebook. As a result, the GELISH Trade Dress is recognized among the general consuming public of the United States as an exclusive indicator of Harmony's gel polishes.

16. Harmony has established substantial goodwill associated with the GELISH Trade Dress, and has continuously taken steps to protect its GELISH Trade Dress and the goodwill associated therewith.

17. Neither Dadon nor UVN have any right or interest in the GELISH Trade Dress and/or the '824 Patent. Dadon and UVN are not now, nor have they ever been, authorized to use the '824 Patent and/or the GELISH Trade Dress, or otherwise hold themselves out as the source of any GELISH® nail care products.

*Defendants' Infringing Activities*

18. Defendants maintain a commercial Internet website at the domain name "uv-nails.com", and a social networking page on Facebook, in order to, *inter alia*, commercially profit from advertising, promoting, offering, selling and distributing nail care products to consumers, including gel polishes.

19. Defendants also advertise, promote, offer, sell and distribute nail care products to professional nail care salons, including gel polishes.

20. Dadon and UVN conduct such activity in competition with Harmony within the nail care industry.

21. Dadon is listed as the registrant, the administrative contact, and also as the technical contact for the uv-nails.com domain name.

22. Without Harmony's authorization, Dadon and UVN produced and/or imported into the United States, used, offered to sell, promoted, distributed, and/or sold gel polishes within a bottle having a design substantially the same as and confusingly similar to Harmony's ornamental bottle design protected by the '824 Patent (hereinafter, the "Infringing Bottle Design") in connection with their sale of nail care products in U.S. commerce, including but not limited to gel polishes, which is likely to cause

consumer confusion, mistake, or deception as to the origin, sponsorship, or approval of the Defendants' gel polishes and, thereby, cause Harmony to suffer harm.

23. Without Harmony's authorization, Dadon and UVN also adopted, used, promoted, offered to sell, sold and/or distributed gel polishes having packaging trade dress that is confusingly similar to and/or is a colorable imitation of Harmony's distinctive GELISH Trade Dress (hereinafter, the "Infringing Trade Dress"), which is likely to cause consumer confusion, mistake, or deception as to the origin, sponsorship, or approval of the Defendants' gel polishes and, thereby, cause Harmony to suffer harm.

24. Defendants' adoption of ornamental designs, including the combination of a coated, monochromatic white bottle and label with clean lines whereupon there appears a flourish of distinctive scroll artwork, and a centrally positioned trademark above a transparent, circular window, are nearly identical to the ornamental designs first-used by Harmony in connection with the advertising, promotion, sale and distribution of gel polish products within the nail care industry.

25. Defendants' Infringing Bottle Design and Infringing Trade Dress are reflected in the following image:



26. Gel polish products that Dadon and UVN produce and/or import, promote, offer to sell, sell and/or distribute in the Infringing Bottle Design and Infringing Trade Dress include, but are not limited to, gel polishes identified by the following product numbers: G10040-1; G10040-2; G10040-3; G10040-4; G10040-5; G10040-6; G10040-7; G10040-8; G10040-9; G10040-10; G10040-11; G10040-12; G10040-13; G10040-14;

G10040-15; G10040-16; G10040-17; G10040-18; G10040-19, G10040-20; G10040-21; G10040-22; G10040-23; G10040-24; G10040-25; G10040-26; G10040-27; G10040-28; G10040-29; G10040-30; G10040-31; G10040-32; G10040-33; G10040-34; G10040-35; G10040-36; G10040-37; G10040-38; G10040-39; G10040-40; G10040-41; G10040-42; G10040-43; G10040-44; G10040-45; G10040-46; G10040-47; G10040-48; GL10041-1; GL10041-2; GL10041-3; GL10041-4; GL10041-5; GL10041-6; GL10041-7; GL10041-8; GL10041-9; GL10041-10; GL10041-11; GL10041-12; NE-1; NE-2; NE-3; NE-4; NE-5; NE-6; NE-7; NE-8; NE-9; NE-10; NE-11; and NE-12.

27. Defendants' Infringing Bottle Design and Infringing Trade Dress create the false and misleading impression that Defendants' gel polishes in the Infringing Bottle Design and Infringing Trade Dress are manufactured by, authorized by, sponsored by or otherwise associated with Harmony, which has caused Harmony to suffer damages and harm to the goodwill associated with the GELISH Trade Dress and '824 Patent.

28. If necessary to carry out the terms and intent of this Order, any finding of fact set forth above may be deemed to be a conclusion of law.

29. The parties seek to terminate this litigation through this Consent Judgment.

## CONCLUSIONS OF LAW

In light of the aforementioned findings of fact, the Court reaches the following conclusions as a matter of law:

The court may grant injunctions to prevent further infringements. 15 U.S.C. §1116. To establish an entitlement to entry of a permanent injunction, a plaintiff must establish: a violation of the right asserted in the complaint; that there is no adequate remedy at law for that violation; irreparable harm will result if the court does not order injunctive relief; the balance of hardships weighs in its favor; and injunctive relief is in the public interest. *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1057 (C.D. Cal. 2011).

**Plaintiff Has Prevailed In Establishing**

**Violation of The Rights Asserted In Its Complaint**

To prevail on a claim for trademark or trade dress infringement, a plaintiff must establish that its mark was used in commerce by the defendant without the registrant's consent and that the unauthorized use was likely to deceive, cause confusion, or result in mistake. *See Brookfield Comm.s, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999). While, to establish design patent infringement, a plaintiff must prove "that an ordinary observer familiar with the patented product would be deceived into believing that the accused product is the same as the patented design." *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1055 (C.D. Cal. 2011) (citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 681 (Fed.Cir.2008)).

In the instant action, Plaintiff is the owner of the distinctive, non-functional GELISH Trade Dress, which is valid and entitled to protection under 15 U.S.C. §1051, *et seq.*, as well as under common law. Likewise, Plaintiff is the exclusive licensee of all rights, title and interest in the unique, ornamental and non-functional '824 Patent, which is in force and entitled to protection under 35 U.S.C. §1, *et seq.*, and under common law.

Harmony has demonstrated that Dadon's and UVN's use in commerce of a confusingly similar bottle design and trade dress in connection with their sale of nail care products in U.S. commerce is without Plaintiff's consent and, thus, unauthorized. Moreover, Harmony has demonstrated that Dadon's and UVN's unauthorized use in commerce of the Infringing Trade Dress (as described and depicted above) in connection with their sale of nail care products is likely to cause consumer confusion.

Similarly, Harmony has demonstrated that Dadon's and UVN's unauthorized use in commerce of the Infringing Bottle Design (as described and depicted above) in connection with their sale of nail care products is likely to deceive an ordinary observer familiar with Harmony's GELISH® product into believing that Defendants' accused products are the same as the patented design.

## Plaintiff Has Demonstrated Irreparable Harm
## For Which There Is No Adequate Remedy At Law

"In a trademark infringement case, a prevailing plaintiff is entitled to a presumption of irreparable harm, and therefore is presumptively entitled to a permanent injunction to prevent further infringements." *Partners for Health & Home, L.P. v. Seung Wee Yang*, 2012 WL 1079180, *5 (C.D. Cal. Mar. 30, 2012) (slip copy 09-cv-07849 RZ) (citing *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 877 (9th Cir.2009)). Nevertheless, Dadon and UVN concede that any continued use of the Infringing Bottle Design and the Infringing Trade Dress is likely to cause Harmony to suffer irreparable harm for which there is no adequate remedy at law.

## Balance of Hardships Weigh in Plaintiff's Favor
## and a Permanent Injunction Will Serve the Public Interest

Whereas Harmony has shown that it has suffered, or will suffer, irreparable harm due to Dadon's and UVN's conduct, including harm to its goodwill and reputation, the balance of hardships weighs in its favor. *See Wetzel's Pretzels, LLC v. Johnson*, 797 F. Supp. 2d 1020, 1028-29 (C.D. Cal. 2011).

Finally, permanent injunctive relief is in the public interest. "In the trademark context, courts often define the public interest at stake as the right of the public not to be deceived or confused." *Wetzel's Pretzels, LLC v. Johnson*, 797 F. Supp. 2d 1020, 1029 (C.D. Cal. 2011) (citing *Cytosport*, 617 F.Supp.2d at 1081). Here, the public has a strong interest in being free from the deception and confusion caused by unauthorized use of the GELISH Trade Dress and the '824 Patent.

Any Conclusions of Law contained herein may be deemed to be a Finding of Fact in order to carry out the terms and intent of this Order. This Judgment shall finally conclude and dispose of this litigation as to the parties to this Consent Judgment, and this Judgment shall be entitled to issue and claim preclusion effect.

8
CONSENT JUDGMENT AND ORDER OF PERMANENT INJUNCTION

## RELIEF GRANTED TO PLAINTIFF

Based upon the foregoing, the Court hereby ORDERS AND ADJUDGES that:

1. Final Judgment is hereby entered in favor of Plaintiff, Hand & Nail Harmony, Inc. and against Defendants Binyamin Dadon and UV-Nails;

2. Defendants, their agents, representatives, employees, servants, attorneys, successors and assigns, receiving notice and in active concert or participation with Defendants, are hereby (individually and collectively) **PERMANENTLY ENJOINED AND RESTRAINED** from making any further use of United States Design Patent D 656,824, the GELISH Trade Dress, and/or any colorable imitation thereof, including the example depicted below, or any other confusingly similar trade dress or design, including but not limited to the use of a transparent or transparent looking window on a nail products bottle and/or the use of a white monochromatic bottle in combination with the depicted rounded cap and flowing centered script logo above a transparent or transparent looking window:



3. Defendants, and their agents, representatives, employees, servants, attorneys, successors and assigns, receiving notice and in active concert or participation with Defendants, **SHALL IMMEDIATELY DESTROY** and eliminate all advertising usage and/or materials that incorporate the '824 Patent, the GELISH Trade Dress, and/or any confusingly similar trade dress or design, including but not limited to, by removing any and all confusingly similar trade dress, marks, and/or designs from their packaging, advertising, marketing, Internet advertising, signage, stationary, Facebook account, Twitter

account, Linkedin account, traditional print advertisements, and other promotional materials;

4. This Consent Judgment shall finally conclude and dispose of all claims and counterclaims of Plaintiff against Defendants and Defendants against Plaintiff with prejudice;

5. No appeal shall be taken by any party from this Consent Judgment, the right to appeal from this Consent Judgment being expressly waived by the parties;

6. Each party shall bear its own costs and attorney's fees;

7. This Court retains exclusive jurisdiction to enforce the terms of this Permanent Injunction and the Settlement Agreement among the Parties; and

8. Final Judgment shall be entered hereto, forthwith, without further notice.

DONE AND ORDERED, in Los Angeles, California this 9TH day of January 2013.

HONORABLE ANDREW GUILFORD
UNITED STATES DISTRICT JUDGE

(BASED ONLY ON THE STIPULATION OF THE PARTIES)